Paul H. WAGGENER et al., Appellants,

v.

GENERAL ASSOCIATION OF BAPTISTS IN KENTUCKY, Louisville, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1957.

Blakey Helm, Louisville, Vernon D. Shuffett, Greensburg, Fred Faulkner, Campbellsville, for appellants.

Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Joseph E. Stopher, Louisville, Earl Huddleston, Columbia, Paul Carter, Tompkinsville, Henry L. Bryant, Pineville, for appellees.

CAMMACK, Judge.

This action contesting the will of Miss Fannye Holladay on grounds of mental incapacity and undue influence was brought by the appellants, Paul H. Waggener and other relatives, two days before the statute of limitations would have defeated their action. This appeal is from a judgment on a directed verdict upholding the will.

Reversal of the judgment on the directed verdict is urged upon the grounds that there was sufficient evidence to require submission to the jury of the questions of lack of mental capacity upon the part of Miss Holladay to make a will and the exercise of undue influence upon her, and also the purported will was not witnessed by two competent witnesses.

Miss Holladay, who lived about four miles from Columbia, in Adair County, died on May 6, 1949. The record shows that she executed a paper on January 17, 1946, which purported to (1) direct the payment of debts and funeral expenses; (2) devise the home place to a cousin upon the condition that Miss Holladay's brother be properly cared for; (3) leave the rest of her property to the Citizens Fidelity Bank & Trust Company for the benefit of her brother, unless her brother predeceased her, in which event (a) $1,000 to relatives, (b) $500 to a tenant, and (c) $100 to Zion Baptist Church; (4) devise the remainder of her property, except any acquired from her brother, to Clear Creek Mountain Preachers Bible School and Southern Baptist Theological Seminary in equal shares; (5) if her brother predeceased her, leave any property acquired from him to Gen-

eral Association of Baptists in Kentucky; and (6) appoint Citizens Fidelity Bank & Trust Company as executor.

Notes for the preparation of this paper were taken by Reverend Verlin Kruschwitz, former pastor of the Zion Baptist Church, in his own handwriting and given to Mr. Bart Brown of the Citizens Fidelity Bank & Trust Company. Mr. Brown relayed the notes to Judge Will Fulton, who drafted the paper in question from the notes. The draft prepared by Judge Fulton was taken to Miss Holladay's home by Mr. Brown and John A. Fulton, son of Judge Fulton. They discussed it with her fully and she signed it. Mr. Brown and Mr. Fulton witnessed the will.

Miss Holladay had attended Georgetown College, a Baptist institution. She attended Zion Baptist Church faithfully, and had entertained visiting Baptist clergymen in her home. Many years before her death she had broken a hip and was left a cripple. Nevertheless, she engaged in the above-mentioned activities and directed the operation of the farm on which she lived.

A lifelong friend described Miss Holladay as having a mind little better than a child's, and stated that she had to have help in business affairs. There is some evidence that she thought she was ruined when she lost around $8,000 in a Louisville bank failure. There is also evidence that many promises of heirlooms to relatives were overlooked when the will was formulated. The appellants offered no medical proof relating to the condition of Miss Holladay's mind at the time the will was executed.

There is other evidence indicating that Miss Holladay was a shrewd businesswoman. A witness, who bought some timber from her, testified: "We had to give her her price." Miss Holladay's inheritances from her father and mother, and brother, who died in July, 1946, totaled about $55,000, yet she left an estate valued at $110,000, and, apparently, managed her business affairs herself for about 15 years before her death.

The appellants argue that the bequest of only $1,000 to near relatives who were the natural objects of her bounty demonstrates the inability of Miss Holladay to comprehend the value of her $110,000 estate. They argue that this and other evidence as to her lack of knowledge of business affairs present a jury question on her capacity to make a will. It is urged also that the actions of Reverend Kruschwitz establish the presence of undue influence, since the bulk of the estate was left to Baptist institutions in which he was interested. On the other hand, the appellees contend that there was such a showing from competent evidence of the business acumen of Miss Holladay as to preclude a finding of any evidence of substantial value of mental incapacity to warrant the submission of the question to the jury; and also that the appellants failed utterly to establish undue influence.

We have said often that any person of sufficient mind to know his property, the objects of his bounty and his duties to them, and to act according to a fixed purpose may make a will, and that we will guard jealously this right in the aged and infirm. Sloan v. Sloan, 303 Ky. 180, 197 S.W.2d 77. See also 19 Ky. Digest, Wills, and cases therein cited. Miss Holladay left token bequests to her near relatives, to a tenant and to her church. The remainder of her estate she left to her brother, the natural object of her bounty, and in the event that he predeceased her to religious institutions of her denomination. We believe the evidence established that Miss Holladay had mental capacity beyond that required by law to make a will at the time she executed the instrument. She was acting according to a fixed purpose in leaving the bulk of her large estate to her brother, and only in the event that he predeceased her was it to go to organizations of her religious faith.

The evidence indicated that Reverend Kruschwitz had an opportunity to use undue influence, but, as we have pointed out in Rough v. Johnson, Ky., 274 S.W.2d 376, to show an opportunity is not alone sufficient for establishing undue influence. Here there was a failure of proof to show any self-serving or undue act on Reverend Kruschwitz' part.

We have recognized the rule that, where a will is contested on the grounds of both undue influence and mental incapacity, the contestant's proof is not required to be as convincing as when mental incapacity alone is charged. Hines v. Price, 310 Ky. 758, 221 S.W.2d 673. We believe that the proof in the case before us falls short of the minimum requisites discussed in the Hines case.

Miss Holladay had a lifelong interest in church work, as evidenced by the opening of her home to visiting clergymen. As her life neared its end she decided to devise the remainder of her estate to various church groups rather than to first and second cousins, her only surviving relatives. As so often happens, the wishes of the testator did not coincide with the desires of her relatives, but this is not a basis for contesting a will on grounds of mental incapacity and undue influence.

We have considered the contention that Mr. Bart Brown was not a competent witness, though, apparently, the question was not raised below, because the Trust Company of which he was an officer was trustee of the estate property, and we find it without merit. Even were the Trust Company a true beneficiary of the will, which we doubt seriously, Mr. Brown would still be a competent witness. See KRS 394.200 and 394.210.

Judgment affirmed.

MONTGOMERY, J., not sitting.